WARNER, J.
A father appeals an order adjudicating his minor children dependent. We affirm without comment on the adjudication of dependency as to the appellant’s minor daughter, C.R. We reverse the adjudication of dependency as to the appellant’s minor son, M.R., for further proceedings.
The trial court found from the evidence that “the Father engaged in a pattern of physical abuse of both of his children which significantly impaired their physical and mental health.” The statutory definition of “abuse” requires “any willful act or threatened act that results in any physical [or] mental ... injury, or harm that causes or is likely to cause the child’s physical, mental, or emotional health to be significantly impaired.” § 39.01(2), Fla. Stat. (2013). “Harm” is defined as occurring “when any person ... [i]nflicts ... upon the child physical, mental, or emotional injury.” § 39.01(32)(a), Fla. Stat. (2013). The statute lists several factors to consider in determining whether harm has occurred and also lists the type of injuries which constitute harm. The only finding by the court as to M.R. involved one incident where the father struck the child in the head. No evidence was presented that the child suffered any harm from this incident, not even a bruise. Nor was there any evidence of emotional or psychological trauma, as there was regarding the daughter. The Department failed to prove dependency as to the father regarding M.R. based upon section 39.01(2), Florida Statutes.
As there was substantial evidence of abuse and harm to the daughter based upon the father’s conduct, the court’s ruling regarding M.R. depended in large part on abuse to the daughter. The abuse of one child is insufficient in and of itself to prove that a parent’s other children are also dependent. In re S.M., 997 So.2d 513, 515 (Fla. 2d DCA 2008); see also In re M.F., 770 So.2d 1189, 1194 (Fla.2000). “[T]he Department must establish the required elements of dependency as to each child individually.” In re S.M., at 515.
Although the Department also alleged that the child was dependent based upon a substantial risk of imminent abuse or neglect pursuant to section 39.01(15)(f), Florida Statutes (2013), the trial court made no findings with respect to the risk of imminent abuse. The Department must prove that there is a nexus between the parent’s abuse of one child and the risk of abuse to another child. “This analysis focuses on the parent’s behavior and whether that behavior or the circumstances surrounding that behavior permit a reasonable prediction that the parent will visit similar abuse or neglect on the child’s siblings in the near future.” In re S.M., 997 So.2d at 515.
The trial court failed to make findings regarding the risk of imminent abuse *1080 of M.R. as required to support an adjudication of dependency as to him. It is not readily apparent that the type of abuse suffered by the daughter would necessarily be visited on the son. Much of the abuse inflicted by the father on the daughter arose from incidents involving her interaction with young men. Nevertheless, the father’s overall behavior was sufficiently concerning to the trial court that we reverse and remand for further proceedings for the trial court to determine whether the Department proved that the son is dependent based upon a substantial risk of imminent abuse by the father.

Affirmed in part; reversed in part and remanded with directions.

FORST and KLINGENSMITH, JJ., concur.